# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| EVOLUTIONARY INTELLIGENCE LLC, § § § Plaintiff § § V. § § FACEBOOK, INC. § § Defendant § | | No. 6:12CV784 |

| | | |
|---|---|---|
| EVOLUTIONARY INTELLIGENCE LLC, § § § Plaintiff § § V. § § TWITTER, INC. § § Defendant § | | No. 6:12CV792 |

| | | |
|---|---|---|
| EVOLUTIONARY INTELLIGENCE LLC, § § § Plaintiff § § V. § § YELP, INC. § § Defendant § | | No. 6:12CV794 |

## ORDER

The above-entitled and numbered causes of action were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motions are before the Court: (1) Defendant Facebook Inc.'s Motion to Stay Proceedings Pending Resolution of Facebook's Motion to Transfer (Docket Entry #25)(Cause No. 6:12cv784); (2) Defendant Twitter, Inc.'s Motion to Stay Proceedings Pending Resolution of Twitter's Motion

to Transfer (Docket Entry #22)(Cause No. 6:12cv792); (3) Defendant Yelp Inc.'s Motion to Stay Proceedings Pending Resolution of Yelp's Motion to Transfer (Docket Entry #22)(Cause No. 6:12cv794); and (4) Plaintiff's Opposed Motion for Extension of Time to Respond to Defendants' Motions to Transfer Venue (Docket Entry #24, Cause No. 6:12cv792)(Docket Entry #24, Cause No. 6:12cv794). The Court, having carefully reviewed the relevant briefing, is of the opinion Defendants' motions to stay should be **DENIED**. The Court is further of the opinion Plaintiff's motion for an extension of time to respond should be **GRANTED**.

## I. BACKGROUND

On October 17, 2012, Plaintiff Evolutionary Intelligence, LLC ("Plaintiff") filed nine lawsuits against defendants, including Facebook Inc. ("Facebook), Twitter, Inc. ("Twitter"), and Yelp Inc. ("Yelp")(collectively "Defendants"), alleging infringement of the same two patents. On December 21, 2012, Defendants moved to transfer the cases to the Northern District of California. According to Defendants, many, if not all, of the other defendants Plaintiff has sued separately in the Eastern District of Texas have filed, or intend to file, motions to transfer and are willing to litigate in Northern California.

Plaintiff requested that defendants, in all of the related cases, agree to a coordinated briefing schedule whereby Plaintiff could complete limited venue-related discovery before filing its opposition. Most of the defendants, including Facebook, agreed to the request and stipulated to limited venue-related discovery and a 45-day extension of time for Plaintiff to file its responses. Twitter and Yelp are the only two defendants that oppose Plaintiff's request.

In December 2012, in all three cases, Plaintiff filed notices that the cases are ready for scheduling conference. In mid-January, Defendants filed their current motions, requesting the Court

2

exercise its inherent power to stay all other proceedings in the above cases pending disposition of their motions to transfer, consistent with both the recent opinion of the Federal Circuit Court of Appeals in *In re Fusion-IO,* 2012 WL 6634939, at *1 (Fed. Cir. Dec. 21, 2012)(unpublished), and the established Supreme Court authority set forth in *Landis v. N. Am. Co.,* 299 U.S. 248 (1936).

## II. APPLICABLE LAW

A district court has the inherent authority to stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis,* 299 U.S. at 254. In deciding whether to stay a proceeding, the Court "must weigh competing interests and maintain an even balance." *Id.* at 254–55. In particular, the Court "must first identify a pressing need for the stay, and then balance those interests against interests frustrated by the action." *In re Sacramento Mun. Util. Dist.*, 395 F. App'x 684, 687–88 (Fed. Cir. 2010) (citing *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)); *see also Nguyen v. BP Exploration & Prod., Inc.*, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (addressing factors such as: (1) the potential prejudice to the nonmoving party from a brief stay; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation).

## III. DISCUSSION

**A.    Defendants' motions to stay**

In support of their motions to stay proceedings pending resolution of certain motions to transfer, Defendants rely on the Federal Circuit's recent opinion in *In re Fusion-IO, Inc*. In that case, the plaintiff Solid State Storage sued the defendant Fusion-IO and others for patent infringement in

the Eastern District of Texas. Fusion-IO moved to sever the claims against it and to transfer those claims to the District of Utah. *In re Fusion-IO, Inc.*, 2012 WL 6634939, at *1 (Fed. Cir. Dec. 21, 2012). The district court granted the motion to sever and consolidated the action against Fusion-IO with the originally-filed action for pre-trial proceedings. *Id.* Without addressing the merits of Fusion-IO's transfer motion, the district court denied it without prejudice to re-filing the same motion in the originally-filed case. *Id*. Fusion-IO then moved for reconsideration of its motion to transfer, but the court denied that motion again without addressing the merits, indicating that it was an administrative motion and that the court would address Fusion-IO's motion to transfer in a timely manner. *Id.* Fusion-IO subsequently sought a writ of mandamus from the Federal Circuit directing the district court to transfer the case to the District of Utah.

The Federal Circuit denied Fusion-IO's writ of mandamus but stated, among other things, "It is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer." 2012 WL 6634939, at *1 (quoting *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970)). Following the Federal Circuit's guidance, Fusion-IO promptly filed an emergency motion to stay proceedings as to Fusion-IO only pending resolution of its renewed motion to transfer, which the district court granted. *Solid State Storage Solutions, Inc. v. STEC, Inc.*, Cause No. 2:11-cv-391-JRG-RSP, slip op. at 1 (E.D. Tex. Jan. 3, 2013).

In its response, Plaintiff distinguishes the situation in *Fusion-IO*, pointing out the motion to transfer in that case had been fully briefed and pending for over eight months before it was ruled upon. When the court ruled on the transfer motion, it was denied without addressing the merits, stating the defendant could re-file the motion in the first-filed case if it wished.

4

Here, the motions to transfer are not ripe for consideration. Unlike the situation in *Fusion-IO*, all of the *Evolutionary* cases are in the very early stages of litigation. With the exception of venue discovery and briefing on any pending motions, the parties will not be required to proceed on the merits, including discovery not related to venue, until such time as the Court conducts a scheduling conference. At this time the parties have not yet been ordered to meet, report, and appear at a scheduling conference. Considering all of the parties in the *Evolutionary* cases are currently focused on Plaintiff's limited venue discovery and completing the briefing on the defendants' motions to transfer venue, the Court will wait until after Plaintiff's responses to Twitter and Yelp's motions have been filed before issuing an Order to Meet, Report, and Appear in all of the *Evolutionary* cases. By that time, all of the transfer motions should be ripe for prompt consideration.

Given the unique procedural posture of these cases, Defendants have not identified any hardship or inequity that would result if these actions are not stayed. Nor does the Court find judicial economy would be better served by formally staying these cases. Considering the totality of the circumstances, and further considering there is no pressing need for a stay, the Court finds these lawsuits should not be formally stayed pending resolution of Defendants' motions to transfer venue but rather the Court will delay the scheduling conference for a short time in order to allow the parties to focus on the venue-related discovery and briefing.

**B.      Plaintiff's motion for extension of time**

Plaintiff currently seeks a sixty-day extension of time to respond to Twitter and Yelp's motions to transfer venue, during which time Plaintiff would serve three interrogatories, five document requests, and seek four hours of Rule 30(b)(6) deposition testimony from each defendant. The Court, having reviewed the relevant briefing, is of the opinion Plaintiff's motion should be

granted. In order to allow sufficient time for Plaintiff to conduct venue-related discovery, Plaintiff's deadline to file its responses to Twitter and Yelp's motions to transfer venue is extended to April 29, 2013. Accordingly, it is

**ORDERED** that (1) Defendant Facebook Inc.'s Motion to Stay Proceedings Pending Resolution of Facebook's Motion to Transfer (Docket Entry #25)(Cause No. 6:12cv784); (2) Defendant Twitter, Inc.'s Motion to Stay Proceedings Pending Resolution of Twitter's Motion to Transfer (Docket Entry #22)(Cause No. 6:12cv792); and (3) Defendant Yelp Inc.'s Motion to Stay Proceedings Pending Resolution of Yelp's Motion to Transfer (Docket Entry #22)(Cause No. 6:12cv794) are hereby **DENIED**. It is further

**ORDERED** that Plaintiff's Opposed Motion for Extension of Time to Respond to Defendants' Motions to Transfer Venue (Docket Entry #24, Cause No. 6:12cv792)(Docket Entry #24, Cause No. 6:12cv794) is **GRANTED**. Plaintiff shall filed its responses to Twitter and Yelp's motions to transfer venue on or before April 29, 2013.

**SIGNED this 27th day of February, 2013.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE